[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant who had been married for over twenty-five years were divorced on February 2, 1987. The plaintiff resided in Connecticut both before and after the divorce. At some point after the dissolution of marriage, in about 1990, the defendant moved to Florida.[1]
The plaintiff has filed a rule to show cause for contempt against the defendant for his failure to pay her several lump sum payments due under the judgment and for his failure to pay the alimony as was awarded. The defendant was served by certified mail[2] in the State of Florida. He has now moved to dismiss on the grounds that this court lacks jurisdiction since he has no "minimum contacts" with Connecticut.
There is no merit to the defendant's challenge to this court's jurisdiction. The uncontroverted facts are that this court had personal jurisdiction over both parties at the time of the dissolution of marriage, that the defendant has a current set of obligations arising out of the judgment to the plaintiff who continues to be a resident of this state, and that the defendant CT Page 2742 has actual notice of the plaintiff's commencement of this post-judgment proceeding. The defendant's invocation of the principles of Worldwide Volkswagen Corporation v. Woodson, 444 U.S. 286
(1980), is unavailing.
Nor does the fact that the court (Shortall, J.) previously denied a property execution against the defendant render this matter moot. The plaintiff alleges that the defendant has not paid her what he owed her under the judgment, and she moves for a finding of contempt. Should the court find the defendant in contempt, the court has the authority to consider anew what relief should be granted that will effectively carry out the letter and the spirit of the court's judgment. The fact that the court has previously denied a specific kind of relief does not warrant dismissal of the pending contempt proceedings.
The Motion to Dismiss of the defendant is denied. Counsel for the parties are ordered to contact the Caseflow Coordinator to schedule a judicial pretrial settlement conference on all outstanding issues.
Patty Jenkins Pittman, Judge